988 F.2d 119
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Warren Dale HAINES, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health & Human
Services, Defendant-Appellee.
 No. 92-55126.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 3, 1993.*
Decided Feb. 10, 1993.
 
 On Appeal from the United States District Court for the Central District of California; No. CV-90-2946-DT, Dickran M. Tevrizian, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before HUG, SKOPIL and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 W. Dale Haines appeals the district court's judgment affirming the Secretary of Health and Human Service's decision denying his application for Social Security disability insurance benefits. Haines contends that (1) there is not substantial evidence in the record to support the Secretary's determination that he is not disabled; and (2) the Administrative Law Judge erred by applying the Medical-Vocational Guidelines to a nonexertional impairment and relying on a vocational expert's testimony. We reject these contentions and affirm.
 
 DISCUSSION
 1. Substantial Evidence
 
 3
 We conclude that substantial evidence supports the Secretary's determination that Haines is not disabled. The medical evidence indicates that Haines has severe cervical and lumbar disc syndrome and lateral epicondylitis of the right elbow. Every examining doctor, including Haines' treating physician, concluded, however, that his medical condition was not disabling, and that Haines should receive vocational rehabilitation.
 
 
 4
 Haines nevertheless contends that the ALJ erred by rejecting his allegation of totally disabling pain. We agree with the ALJ that the medical reports and claimant's testimony rebut his allegation. The ALJ specifically considered the factors identified in Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir.1991) (en banc), which an adjudicator must examine to determine the credibility of a claimant's allegation of pain. The ALJ made specific findings in support of his determination that Haines' assertion of total incapacity is not credible in light of the medical evidence and Haines' testimony. See id.
 
 
 5
 2. Use of Medical-Vocational Grid and Vocational Expert
 
 
 6
 Haines contends that the ALJ erred as a matter of law by relying on the Medical-Vocational Guidelines, 20 C.F.R. § 404, Subpart P, Appendix 2 ("grids"). We agree that allegations of a significant nonexertional impairment may make reliance on the grids inappropriate. See Desrosiers v. Secretary, 846 F.2d 573, 577 (9th Cir.1988). Nonetheless, the fact that a nonexertional limitation is alleged does not preclude application of the grids. Id. The ALJ may rely on a vocational expert's testimony and use the grids only for additional support. Stewart v. Sullivan, 881 F.2d 740, 744 n. 5 (9th Cir.1989). Alternatively, the ALJ can rely on the grids when there is a finding that claimant's residual capacity is not significantly compromised by nonexertional limitations. Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir.1990), overruled on other grounds, Bunnell v. Sullivan, 947 F.2d 341, 342 (9th Cir.1991) (en banc). Here, the ALJ satisfied both alternatives. He found that Haines' capacity for sedentary and light work was not significantly compromised by Haines' alleged nonexertional limitations. Moreover, the ALJ expressly used the grids only as a "framework for decisionmaking," relying instead on the testimony of the vocational expert.
 
 
 7
 Haines contends that the ALJ's reliance on the vocational expert was misplaced because the expert was not asked to consider Haines' nonexertional impairments. In some instances, a vocational expert's testimony may not provide substantial evidence to support an ALJ's determination if the expert fails to consider all of claimant's limitations, including nonexertional. Cooper v. Sullivan, 880 F.2d 1152, 1158 n. 13 (9th Cir.1989). That is not, however, the case here. The vocational expert was specifically asked to identify jobs with low to medium stress. Moreover, it was not necessary for the vocational expert to consider Haines' allegation of excess pain when the ALJ properly discredited that allegation. Copeland v. Bowen, 861 F.2d 536, 540 (9th Cir.1988).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3